FILED

2012 OCT 26 PM 3:22

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE LEWIS, CDCR #P-22156, <br><br>                          Plaintiff, <br><br> vs. <br><br> S. WALL, <br><br>                          Defendant. | Civil No.   12cv0255 WQH (PCL) <br><br> **ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE** |

On January 31, 2012, Plaintiff, a state prisoner currently incarcerated at R.J. Donovan Correctional Facility (RJD) in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff did not pay the $350 filing fee required by 28 U.S.C. § 1914(a), nor did he file a Motion to Proceed *In Forma Pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). Therefore, on March 29, 2012, the Court dismissed the action, but granted Plaintiff 45 days leave in which to either pay the $350 filing fee or file a Motion to Proceed IFP–which the Court provided (ECF No. 2).

Plaintiff did neither; however, on June 12, 2012, he submitted a document entitled "Motion for Court Order Directing R.J. Donovan Prison Officials to Process Plaintiff's Certified Trust Statement so that he can Proceed *In Forma Pauperis*" (ECF No. 4). In a Declaration

attached to his Motion, Plaintiff alleged he first submitted a request to RJD officials in December 2011, and "request[ed] a certified copy of [his] trust statement so that [he] can proceed IFP in this case." (ECF No. 4 at 3.) Plaintiff claimed he submitted two subsequent requests in February and April 2012, yet "received no response whatsoever." *Id.* Therefore, sought a Court order directing RJD trust office officials to "process [his] request and forward a copy of [his] certified trust account statement to the Court so that [he] can prosecute [his] civil complaint." *Id.* at 4.

On July 10, 2012, the Court re-opened the case, and granted Plaintiff's request, giving him an additional 45 days to complete and file his IFP Motion (ECF No. 5). The Court further directed prison official at RJD, "upon Plaintiff's timely request, to fulfill their statutory obligation to provide a certified copy of [Plaintiff's] trust account activity for the 6-month period immediately preceding the filing of his Complaint, or their 'institutional equivalent,'" as provided by 28 U.S.C. § 1915(a)(2). (*Id.* at 2.) Plaintiff was cautioned, however, that "absent extraordinary circumstances," no further extensions of time would be granted, and his failure to comply would result in a dismissal of this action without prejudice pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 41.1(b) (providing for dismissal for want of prosecution and for "failure to comply with the provisions of the local rules of this court.").

The time for compliance has long since passed and Plaintiff has yet to comply with either of the Court's Orders.

**Conclusion and Order**

Accordingly, the Court hereby DISMISSES this civil action without prejudice for failing to comply with the Court's March 29, 2012 and July 10, 2012 Orders (ECF Nos. 2, 5), 28 U.S.C. § 1915(a)(2), and S.D. CAL. CIVLR 3.2(b) and 41.1(b).

The Clerk shall enter judgment accordingly and close the file.

**IT IS SO ORDERED.**

DATED: 10/26/12

HON. WILLIAM Q. HAYES
United States District Judge